IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PATRICIA K. GULLEDGE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 2:18-cv-00563-RDP |
| WAL-MART INC., | ) ) |
| Defendant. | ) ) ) ) |

## **MEMORANDUM OPINION**

This case is before the court on Defendant's Motion for Summary Judgment. (Doc. # 14). The parties have fully briefed the Motion (Docs. # 14, 16, 17, 21, 23), and it is under submission. After careful review, and for the reasons explained below, the court concludes that Defendant's Motion for Summary Judgment is due to be granted.

### I.   **Factual Background**[1]

Plaintiff Patricia K. Gulledge fell and injured herself while at the Hoover, Alabama Wal-Mart. (Doc. # 17 at 2). She was shopping for coffee for a weight loss center where she worked at the time of the incident. (Doc. # 14-3 at 91-92, 97-98).[2] However, before she reached the grocery portion of the store by way of the Garden Center entrance, Plaintiff stopped in the three-aisle Easter section to look at a stuffed animal for her dog. (*Id.* at 86, 99). Plaintiff did not see an

---

[1] The facts set out in this opinion are gleaned from the parties' submissions and the court's own examination of the evidentiary record. All reasonable doubts about the facts have been resolved in favor of the nonmoving party. *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002). These are the "facts" for summary judgment purposes only. They may not be the actual facts that could be established through live testimony at trial. *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

[2] Plaintiff's deposition transcript is contained in Document # 14-3. All citations to deposition transcripts in this opinion are to the minuscript page numbers, rather than the CM/ECF-generated page numbers.

employee cleaning the floor, nor did she slip or slide as she walked across the store. (*Id.* at 98, 111). While walking to the stuffed animals on the first aisle of the Easter section, despite believing that the floor looked unusually bright and shiny, Plaintiff did not see anything either out of place or on the floor, such as any liquid or merchandise. (*Id.* at 111, 113-14). She grabbed a stuffed animal from the shelf and put it back. (*Id.* at 118-19). The last thing Plaintiff remembers is turning away from the stuffed animal and beginning to walk down the aisle. (*Id.* at 118-19). At least one shopper, Joe Wilson, heard Plaintiff scream, but no one was on the aisle at the time of the incident to witness her fall. (*Id.* at 119-20).

Non-time-stamped photos show three stuffed animals and an Easter basket on the floor close to the shelves and a highlighter near the middle of the aisle. (Doc. # 14-7 at 6-10). But, there is no evidence in the record from which a reasonable jury could find that these items were on the floor at the time of the incident. Instead, Plaintiff's deposition and the affidavit of Stephanie Turpin, another customer who was shopping at the time of the fall, create an undisputed record that the aisle was clear at the time of, and immediately following, the incident.[3] (Docs. # 14-3 at 119-124; 14-7 at 2-4). Plaintiff candidly does not know what caused her to fall. (Doc. # 14-3 at 123-24, 129-30).

## II.     Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The

---

[3] Turpin stated, "I looked at the floor on the aisle on which Ms. Gulledge was lying to see what had caused her fall. The aisle was clean, clear, and dry. There were no puddles, substances, stuffed animals, highlighters, or any other objects on the floor at that time. There were no shopping cart tracks, footprints or any type of slide marks on the floor of that aisle. There was nothing on the floor at that time which could have caused Mrs. Gulledge to fall." (Doc. # 14-7 at 3).

party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine dispute of material fact. *Id.* at 323. Once the moving party has met its burden, Rule 56 requires the nonmoving party to go beyond the pleadings and -- by pointing to affidavits, depositions, answers to interrogatories, or admissions on file -- designate specific facts showing that there is a genuine dispute for trial. *Id.* at 324.

The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the nonmovant. *See Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1314 (11th Cir. 2007); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* at 249.

When faced with a "properly supported motion for summary judgment, [the non-moving party] must come forward with specific factual evidence, presenting more than mere allegations." *Gargiulo v. G.M. Sales, Inc.*, 131 F.3d 995, 999 (11th Cir. 1997). As *Anderson* teaches, under Rule 56(c) a plaintiff may not simply rest on his allegations made in the complaint; instead, as the party bearing the burden of proof at trial, he must come forward with at least some evidence to support each element essential to his case at trial. *See Anderson*, 477 U.S. at 252. "[A] party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleading, but…must set forth specific facts showing that there is a genuine issue for trial.'" *Id.* at 248 (citations omitted). Summary

judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. "Essentially, the inquiry is 'whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Sawyer v. Sw. Airlines Co.*, 243 F. Supp. 2d 1257, 1262 (D. Kan. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

**III.    Analysis**

Plaintiff has conceded her claims for wantonness (Count II) and negligent supervision and training (Count IV), and they are due to be dismissed. (Docs. # 17 at 10; 21 at 10-11). Also, though Plaintiff argues that her negligence and premises liability claims are separate and distinct claims, this argument fails as a matter of law. Plaintiff has a single claim against Defendant based on premises liability principles.

When deciding which theory of law is proper between general negligence and premises liability under Alabama law, the court considers whether affirmative conduct of the landowner or a condition of the premises caused the injury. *Baldwin v. Gartman*, 604 So. 2d 347, 349 (Ala. 1992) (applying premises liability principles when an employee left a concrete slab unbalanced on the premises because leaving the slab unattended did not cause the injury; rather, leaving the slab created a dangerous condition); *Powell v. Piggly Wiggly Ala. Distrib. Co., Inc.*, 60 So. 3d 921, 924 (Ala. Civ. App. 2010) (holding that general negligence principles apply when an employee operating a forklift struck the plaintiff causing injury). If affirmative conduct of the

landowner caused the injury, then general negligence principles apply. *Powell*, 60 So. 3d at 924. But, if a condition of the premises caused the injury, then the principles of premises liability apply. *Baldwin*, 604 So. 2d at 348-50.

In a premises liability action based on a fall, a plaintiff must prove (1) that her fall was caused by a defect or instrumentality located on the defendant's premises, (2) that the fall was the result of the defendant's negligence, and (3) that the defendant had or should have had notice of the defect or instrumentality before the accident. *Logan v. Winn-Dixie Atlanta, Inc.*, 594 So. 2d 83, 84 (Ala. 1992) (utilizing premises liability principles when plaintiff slipped on an allegedly slick entrance ramp from wet paint); *Miller v. Archstone Cmty. Tr.*, 797 So. 2d 1099, 1102 (Ala Civ. App. 2001) (applying premises liability principles to a slip-and-fall case in an apartment complex parking lot allegedly occurring from improperly poured sealant). In this case, the Plaintiff alleges that either a misplaced stuffed animal or a slick floor caused her injury. Thus, this case calls for an analysis of premises liability rather than general negligence principles.[4]

While it is undisputed that Plaintiff was a business-invitee of Defendant, "an owner of a premises is not an insurer of the safety of its invitees." *Wal-Mart Stores, Inc. v. Rolin*, 813 So. 2d 861, 863 (Ala. 2001) (internal quotation marks omitted) (quoting *Ex parte Potmesil*, 785 So. 2d 340, 343 (Ala. 2000)); *see also Dolgencorp, Inc. v. Hall*, 890 So. 2d 98, 101 (Ala. 2003); *Miller*, 797 So. 2d at 1102. Also, there is no presumption of negligence following an injury of an invitee; rather, an "owner will be liable only if [he] failed to use reasonable care in maintaining [the] premises in a reasonably safe manner." *Hall*, 890 So. 2d at 101; *see also Rolin*, 813 So. 2d at 864.

---

[4] If an improperly buffed floor caused the injury, premises liability principles apply because an employee mopping/buffing the floor did not directly cause the incident; instead, the employee created a dangerous condition. *See Rigsby v. United States*, No. 6:11-CV-2314-WMA-TMP, 2013 WL 5230649, at *2 (N.D. Ala. Sept. 16, 2013).

5

### A. A Reasonable Jury Could Not Conclude That a Defect or Item on the Aisle Floor Caused Plaintiff's Fall.

To overcome a properly supported motion for summary judgment, "the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250. Even at the summary judgment phase of litigation, a plaintiff must support her claim with more than mere allegations. *Id.*; *see also Logan*, 594 So. 2d at 84-85 (granting summary judgment to the defendant when plaintiff failed to present substantial evidence that the ramp on which she slipped was painted in the same month as her incident); *Tice v. Tice*, 361 So. 2d 1051, 1052 (Ala. 1978) (reasoning that plaintiff's belief that a toy on the ground may have caused her fall was not enough to defeat a proper summary judgment motion by the defendant). Furthermore, if the court held businesses liable in slip-and-fall cases based solely on mere speculation, premises owners would be virtual insurers of others' safety, held to a near strict liability standard. *Ex parte Harold L. Martin Distrib. Co., Inc.*, 769 So. 2d 313, 316 (Ala. 2000).

In this case, Plaintiff makes two distinct arguments to refute Defendant's evidence that the floors were clean, clear, and dry at the time of the accident. (Doc. # 21 at 8-9). First, Plaintiff alleges that the floor was unusually slick and shiny. (Doc. # 21 at 9). Second, Plaintiff alleges that there was a small stuffed animal in the aisle. (Doc. # 21 at 8). However, no evidence in the record would allow a reasonable jury to find or infer that either an allegedly slick floor or a stuffed animal was present at the time of the incident, let alone caused Plaintiff's fall.

Plaintiff testified at her deposition that the floors at Wal-Mart looked "really super clean" and extra "bright and shiny" on the day she fell. (Doc. # 14-3 at 109-12). She thought the floors looked like they were recently cleaned, buffed, or shined. (*Id.* at 110). When asked how she knew that the floor on the Easter aisle had been waxed or cleaned, Plaintiff responded that she visited the Wal-Mart several days before and the floors were not that shiny and clean. (*Id.* at

211). However, she did not actually know if Defendant waxed the floors, nor did she have knowledge of Defendant's cleaning schedule. (*Id.* at 110-11). Moreover, Plaintiff's assertions that the floor appeared unusually bright and shiny are not sufficient for a reasonable jury to conclude that the floor was in fact slick or that any slickness caused her fall.[5] And, despite her perception that the floors were recently cleaned, Plaintiff testified unequivocally at her deposition that she did not slip or slide on the "bright and shiny" floors at any time before her fall. (*Id.* at 110).

Also, Plaintiff stated several times in her deposition that she does not know what caused her to fall. (*Id.* at 123-24). Plaintiff specifically testified that she has no idea if she slipped on a stuffed animal. (*Id.* at 200-02). The only evidence in the record that a stuffed animal was on the floor at any point in time comes from photos that include the pool of blood from Plaintiff's fall. (Doc. # 14-7 at 6-10). While a jury could infer from these photos that there were items on the aisle floor sometime after the incident and before the photo was taken, these photos do not lead to an inference that the items were on the floor *at the time* of the incident. To the contrary, Turpin's affidavit is the only evidence in the record that details the scene immediately after the accident, and she states that there was no substance or stuffed animal on the floor of the aisle. (*Id.* at 1-3). Thus, a reasonable jury could not conclude that a defect or item on the floor caused Plaintiff to fall, because every statement that could lead a jury to infer otherwise is simply an allegation based on conjecture and speculation similar to the plaintiff's belief in *Tice* that a toy caused her fall.[6]

---

[5] Plaintiff's conjectural and speculative allegations are analogous to those made by the plaintiff in the *Logan* case, detailed above.

[6] Since a jury could not infer from these facts that there was a defect or item on the aisle at the time of her fall, Plaintiff also has not identified evidence from which a reasonable jury could find that Defendant's actions were the cause-in-fact of her injury.

7

**B. Alternatively, a Reasonable Jury Could Not Conclude That the Defendant Possessed Either Actual or Constructive Notice About an Item or Defect on the Aisle Floor.**

Because a business's liability rests on its superior knowledge of the danger that causes an invitee's injury, a business must have either actual or constructive notice of the defect before the accident's occurrence for liability to attach. *Cook v. Wal-Mart, Inc.*, 795 F. Supp. 2d 1269, 1273 (M.D. Ala. 2011) (citing *Hale v. Sequoyah Caverns & Campgrounds, Inc.*, 612 So. 2d 1162, 1164 (Ala. 1992)); *Fowler v. CEC Entm't*, 921 So. 2d 428, 432-33 (Ala. Civ. App. 2005). In other words, the plaintiff must prove that the defendant either knew or should have known of the substance before a business can be held responsible for an invitee's injury. *Maddox By & Through Maddox v. K-Mart Corp.*, 565 So. 2d 14, 16 (Ala. 1990).

To establish notice, a plaintiff must prove that (1) the substance on which the plaintiff slipped had been on the floor for a sufficient length of time to impute constructive notice, (2) the business had actual notice that the substance was on the floor, or (3) the business was delinquent in not discovering and removing the substance. *Id.* If a plaintiff cannot establish notice, then a business's superior knowledge is lacking and that business cannot be held liable for the plaintiff's injuries. *Fowler*, 921 So. 2d at 432-33.

In this case, there is no evidence that Defendant had actual knowledge that a stuffed animal was on the floor of the aisle. Also, there is no evidence in the record regarding the length of time that the stuffed animal was on the floor. In fact, the uncontroverted evidence establishes that the stuffed animal did not appear on the floor until sometime after Plaintiff's fall. (Doc. # 14-7 at 4, 6-10). Therefore, Plaintiff has not provided evidence from which a reasonable jury could find that Defendant had actual or constructive notice of an item being on the floor of the

aisle. Plaintiff has likewise offered no evidence from which a jury could find (1) that a slick floor caused her fall or (2) that Defendant had actual or constructive notice that the floor was slick.

### C. Alternatively, Even if Defendant Had Notice of the Slick Floor, Plaintiff Had Actual Knowledge of the Dangerous Condition

"If the business (or one of its employees) creates the dangerous condition, then the business is deemed to have actual notice of it." *Cook*, 795 F. Supp. 2d at 1273. But, "an invitor [is] not liable for injuries to an invitee resulting from a danger which was known to the invitee or should have been observed by the invitee in the exercise of reasonable care." *Baldwin*, 604 So. 2d at 350 (internal quotation marks omitted) (quoting *Quillen v. Quillen*, 388 So. 2d 985, 989 (Ala. 1980)).[7] Therefore, even if the court assumes that Defendant had actual notice of the allegedly slick floor, Plaintiff's premises liability claim still fails as a matter of law. Plaintiff stated several times that she believed the floor was unusually bright and shiny. (Doc. # 14-3 at 111-13). Therefore, Plaintiff, as an invitee, admitted that she was aware of the alleged dangerous condition. Since a defendant is not liable for injuries that occurred from a condition known to the plaintiff under Alabama law, Plaintiff has not provided evidence from which a reasonable jury could find Defendant liable on a premises liability claim.

### IV. Conclusion

For the reasons explained above, Defendant's Motion for Summary Judgment (Doc. # 14) is due to be granted. Additionally, because the court has granted Defendant's Motion for Summary Judgment, Defendant's Motion to Strike (Doc. # 22) is due to be denied as moot.

---

[7] "[T]he focus of [Alabama's] premises liability law is not on the care that may have been exercised by the invitee…but on relieving a premises owner of a legal liability where an invitee knew of the danger that caused the injury or should have observed that danger through the exercise of reasonable care." *Ex parte Industrial Distribution Servs. Warehouse*, 709 So. 2d 16, 20-21 (Ala. 1997).

9

*Woods v. United States Steel Corp.*, No. 2:17-CV-00883-RDP, 2018 WL 6067502, at *15 (N.D. Ala. Nov. 20, 2018). A separate Order will be entered.

**DONE** and **ORDERED** this July 29, 2019.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE